NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. RAUL GERARDO GUERRERO, Defendant-Appellant. | No. 18-50074 D.C. No. 3:17-cr-02935-LAB MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 17, 2018[**]

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Raul Gerardo Guerrero appeals from the district court's judgment and challenges the 78-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Guerrero contends that the district court violated Federal Rule of Criminal Procedure 32, based the sentence on unconstitutional considerations and clearly erroneous facts, and failed to consider as a mitigating factor the abuse he suffered as a child. Because Guerrero did not raise these claims in the district court, we review for plain error. *See United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013). The district court did not plainly err. Contrary to Guerrero's claim, the court did not rely on undisclosed facts that were not in the record; rather, it properly considered all of the circumstances of the case to assess Guerrero's credibility. *See* Fed. R. Crim. P. 32(i)(1)(B); *Gall v. United States*, 552 U.S. 38, 51 (2007) (sentencing judge makes credibility determinations). Moreover, the court did not punish Guerrero for his failure to disclose to the arresting officer or the probation officer that he had been threatened. Instead, the court expressed some skepticism about Guerrero's claim, but nevertheless varied downward 30 months in light of the alleged threat and other mitigating circumstances.

Nor did the court make any clearly erroneous factual findings. The court's findings that the instant offense was Guerrero's third drug smuggling offense, and that he might have engaged in additional smuggling trips absent intervention by law enforcement, were supported by the record. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010). Lastly, the record demonstrates that the district court considered all of Guerrero's mitigating arguments.

Guerrero also contends that the sentence is substantively unreasonable.  The district court did not abuse its discretion.  *See Gall*, 552 U.S. at 51.  The below-Guidelines, 78-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**